THE ROCHESTER, HORNELLSVILLE AND LACKAWANNA RAILROAD COMPANY, Respondent, v. THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, Appellant.

Where a railroad corporation has made and filed a map and survey of the line of route it intends to adopt for the construction of its road and has given the required notice to all persons affected by such construction, and no change of route is made as the result of any proceeding by any landowner or occupant, it has thereby acquired a right to construct and operate its road upon said line, exclusive in that respect as to all other railroad corporations, and free from the interference of any party.

Where after plaintiff had thus acquired such right and was proceeding, in good faith and with due diligence, to acquire the necessary lands, defendant, the N. Y., L. E. & W. R. R. Co., another railroad company, took a lease from the owner of lands, so sought to be acquired, before proceedings had been commenced to condemn the same, and constructed a switch from its tracks across the proposed route. Held, that as plaintiff's franchises were invaded and its enjoyment of the statutory privileges were disturbed by the action of the defendant corporation, an injunction was proper to restrain such interference.

(Submitted June 5, 1888; decided June 19, 1888.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made April 19, 1887, which reversed an order of Special Term in so much as it vacated an injunction granted herein. (Reported below, 44 Hun, 206.)

The plaintiff corporation was organized June 9, 1886, for the purpose of constructing a railroad, commencing in the village of Canisteo, Steuben county, and terminating at a point on the line of the Lackawanna and Pittsburgh Railroad Company, in the town of Burns, Alleghany county. It had surveyed and located the line or route of its proposed road, and had made and duly filed a map of the same. Notices were served on the occupants or owners of lands over which the road was located, including the defendant, and by no proceeding has the line, so located been changed. The line, as located, for some distance, was along lands of the defendant corporation upon which its tracks were laid. Plaintiff has acquired the right

of way for the greater portion of its route and is proceeding, in good faith and with diligence, to acquire the land necessary for its route and to construct its road. At the portion of its line where it adjoined the defendant's lands and on the lands of the defendant Babcock, the defendant corporation, after it had been served with the notice of plaintiff's proposed route, constructed a switch from its tracks across the plaintiff's line to a brick yard; taking a lease from Babcock for three years of a piece of land between its road and said brick yard. After the defendant company had constructed its switch the plaintiff caused the track to be taken up and removed and laid down a section of its own track, on which it also placed rails, and procured and served an injunction restraining the defendant company from interfering with its road-bed. But defendant, in disregard of the injunction, on the same day, tore up and removed plaintiff's section of track. The plaintiff had not yet purchased the right of way across Babcock's lands, nor had it instituted proceedings to condemn the same. Defendant Babcock, after receiving the notice from the plaintiff of the filing of its maps, etc., commenced a proceeding to change the plaintiff's route; which was ultimately dismissed for want of jurisdiction. The injunction obtained by the plaintiff was dissolved at Special Term; but, on appeal, the General Term reversed the order of the Special Term and restored the injunction. From the order of the General Term, restoring the injunction, the defendant company has appealed to this court.

*James H. Stevens, Jr.*, for appellant. Up to such a time as proceedings of appraisal shall have been commenced, the owner of real estate has such power and dominion over his own property that he can use it or confer power upon another to use it. (Colby's N. Y. Ry. Law, 168 ; Laws 1854, chap. 282, § 6; 11 Abb. N. C. 390, 391 ; *City of New York* v. *Mapes*, 6 Johns. Ch. 46.) If the landowner, Babcock, can do the acts complained of with impunity, it would follow that he could

procure others to aid and assist him in doing the same acts or transfer his rights to another. (*T. & B R. R. Co.* v. *B., H. T. & W. R. R. Co.*, 86 N. Y. 126; *City of New York* v. *Mapes*, 6 Johns. Ch. 46.) The appellant was not in contempt. (*Brinkley* v. *Brinkley*, 47 N. Y. 40, 49.) An injunction cannot be based upon a possession which is a mere trespass by the plaintiff upon the premises of the landowners. (*Power* v. *Village of Athens*, 99 N. Y. 592–602.)

*Frank S. Smith* for respondent. The plaintiff having surveyed its line or route, and filed a proper map and survey; and having forthwith given the proper notices to the owners and occupants of lands, including notices to both defendants, and having proceeded with due diligence to procure the right of way, acquired a vested and exclusive right to construct and operate its railroad upon the line adopted; and the attempt of the defendant company to interfere by taking the land in question, which the plaintiff was in the act of acquiring, was unjust and inequitable, and was properly restrained by injunction. (*N. Y. & A. R. R. Co.* v. *N Y., W. S. & B. R. R. Co.*, 11 Abb. N. C. 386; *Waterbury* v. *Dry Dock R. R. Co.*, 54 Barb. 388; *D. & H. C. Co.* v. *N. Y. & E. R. R. Co.*, 9 Paige, 322; *Mohawk Bridge Co.* v. *U. & S. R. R. Co.*, 6 id. 554; *Titusville & Petroleum C. R. R. Co.* v. *W. & V. R. R. Co.*, 12 Phila. 642; 4 Legal Gazette, 117; *Wilkesbarre & Phil. R. R. Co.* v. *Danville & Hazleton, R. R. Co.*, 29 Leg. Ints. 373; *N. B. & N. C. R. R. Co.* v. *P. S. & C. R. R. Co.*, 105 Penn. St. 13; *Davis* v. *Titusville & Oil City R. R. Co.*, 30 Am. and Eng. R. R. Cases, 341; *Chesapeake Canal Co.* v. *B. & O. R. R. Co.*, 4 Gill & J. [Md.] 1; *Contra Costa R. R. Co.* v. *Moss*, 23 Cal. 324; *Morris & Essex R. R. Co.* v. *Blair*, 9 N. J. Eq. [1 Stockton] 635; *Sioux City & Des Moines R. R. Co.* v. *Chicago, Mil. & St. Paul R. R. Co.*, 25 Am and Eng. R. R. Cases, 150; *Ry. Co.* v. *Alling*; 99 U. S. 468; *Denver & Rio Grande R. R. Co.* v. *Canon City & St. Juan R. R. Co.*, id. 463; *Ex parte R. Co.*, 101 id. 711; *Citizens' Coach Co.* v. *Camden Horse R. R. Co.*, 1 Am.

and Eng. R. R. Cases, 190, 192, 204, note ; *B. & O. R. R. Co.* v. *P. W. & Ky. R. R. Co.*, 10 id. 444, 471 ; *Osbourne* v. *U. S. Bank*, 9 Wharton, 738, 841 ; Field's Ultra Vires, 219 ; Willard's Equity Jurisprudence [Potter's ed.], 397 ; High on Injunctions, § 620 ; Boone on Corporations, § 149 ; 1 Wood's Railway Law, 658 ; 2 id. 750 ; Mills on Eminent Domain, §§ 17, 47, 66 ; Pierce on Railroads, 257 ; 1 Redfield on Railways, § 15 ; *Oregon R. R. Co.* v. *Bailey*, 3 Ore. 164 ; *In re Coney Island & Brooklyn R. R. Co.*, 12 Hun, 451 ; *Plummer* v. *Warsaw Boon Co.*, 49 Wis. 449 ; *Texas R. Co.* v. *Kirby*, 44 Ark. 103 ; 1 Rorer on R. R. 279 ; *Boston & Providence R. R. Co.* v. *Buchanan*, 52 Ind. 163 ; *San Franciso & S. J. R. R. Co.* v. *Mahoney*, 29 Cal. 112.) The structure by means of which the defendant railroad company has obstructed the plaintiff's route is not a railroad under the intendment of the statute (§ 28, chap. 140, Laws 1850), regulating the crossing and intersection of railroads, and the plaintiff is entitled to be protected by means of the injunction from the expense and delay involved in proceedings under said statute. (*In re N. Y. C. R. R. Co.*, 66 N. Y. 407 ; 62 id. 326 ; 77 id. 248 ; *N. Y. C. & H. R. R. R. Co.* v. *M. G. L. Co.*, 5 Hun, 201 ; *Rens. & S. R. R. Co.* v. *Davis*, 43 N. Y. 137 ; *Contra Costa R. R. Co.* v. *Moss*, 23 Cal. 324 ; *Tracy* v. *E. L. & B. S. R. R. Co.*, 14 Am. and Eng. R. R. C. 407 ; *C. & E. I. R. Co.* v. *Wiltse*, 24 id. 361 ; *In re N. Y. & H. R. R. Co.* v. *Kip*, 46 N. Y. 546 ; *N. Y. & C. R. R. Co.* v. *Gunnison*, 1 Hun, 496 ; Cooley Cons. Lim. 520, 521, 531 ; *In re N Y., L. N. W. R. Co.*, 35 Hun, 229 ; *Currier* v. *Marietta & Cin. R. R. Co.*, 11 Ohio, 228 ; *Taylor* v. *Porter*, 4 Hill, 146 ; *Buff. & N. Y. R. R. Co.* v. *Brainard*, 9 N. Y. 103 ; Laws 1850, chap. 140, § 28 ; id. § 21, as amended by Laws 1869, 1877, 1881 ; 1 Wood's R. R. Law, 658.) The appellant cannot invoke the alleged trespass of the plaintiff upon the lands of the defendant Babcock in its own behalf. (*N. Y. & H. R. R. Co.* v. *Forty-second St. R. R. Co.*, 50 Barb. 312 ; 3 Abb. N. C. 377 ; *Dunham* v. *Williams*, 37 N. Y. 251 ; *People* v. *Kerr*, 25 How. Pr. 258.) The allegation of

the complaint that the defendant railroad company " is attempt-
ing to interfere with the construction of the railroad of said
plaintiff," is not positively denied by the answer, and this
omission is sufficient to defeat the defendant's motion. (*Astie*
v. *Leeming*, 53 How. Pr. 397 ; Hilliard on Injunctions [3d ed.]
119, § 37; id. 125, § 40; Myers' Federal Dec. §§ 1679, 1682 ;
Eden on Injunctions, 88, 108, 109, 118, 326 ; *Poor* v. *Carleton*,
3 Sumn. 70–83 ; *Roberts* v. *Andrews*, 2 Johns. Ch. 202, 204 ;
*Ward* v. *Van Bokkelm*, 1 Paige, 100 ; *Fulton Bank* v. *N. &
S. Canal Co.*, 1 id. 311; *Rogers* v. *Rogers*, id. 426.)

GRAY, J.  The learned judge at Special Term vacated the
injunction theretofore granted restraining the defendant cor-
poration from interfering with the plaintiff's road-bed, on the
ground that the plaintiff had not acquired title to the land nor
any right to occupy it.  He stated in his opinion that the pro-
ceeding of defendant was " outrageous," but considered the
court could not interfere.  In their opinion the General Term
considered that a case had been made for the allowance of a
preliminary injunction and that the same should be continued
*pendente lite*, on the ground that the plaintiff had acquired a
vested and exclusive right to construct and operate its railroad
on the line it had located.  We think the General Term
were right in the view they took of the matter.

The plaintiff, by its organization under the general railroad
act of 1850, became possessed of the franchise to construct
and operate a railroad between the terminal points named in
its articles, over such a line of route as it should elect.  When
the initial steps, pointed out in the twenty-second section of
the act had been taken, there only remained for the plaintiff
to acquire through purchase, or through proceedings *in invi-
tum*, the right of way over the lands through which the line
of route had been surveyed.  By the terms of that section
every company formed under the act, before constructing any
part of its road through any county, must make and file a map
and profile of the route intended to be adopted and must give
a written notice to all occupants of the land affected, of the

time and place of filing and that the route designated passes over the land of such occupants.

Clearly there is involved in these provisions the intention of the legislature that, after the initial proceedings have been taken, which the statute points out as the first action of the new corporation, the lands over which the company's route is located shall be subjected to the right of the company thereafter to construct thereon.   The legislative scheme contemplates the determination of the line of route to be in the discretion of the company, to be exercised in the mode prescribed by law and its exercise, when in good faith and within the limits of its corporate powers, is only reviewable by the court in the case of an application by an occupant or owner of lands feeling aggrieved by the proposed location of the road.   This right to locate its line of road, at its election, is delegated to the corporation by the sovereign power; as is the right subsequently to acquire, *in invitum*, the right of way from the landowner and any land needed for the operation of its road.   In this sovereign power is the source of the franchise, which the corporation possesses to construct and operate a railroad, and its grant is for public and not for private purposes.   Public considerations enter into the grant of the franchise and public policy favors the enterprise for the public convenience and use.   When, therefore, a corporation has made and filed a map and survey of the line of route it intends to adopt for the construction of its road, and has given the required notice to all persons affected by such construction, and no change of route is made, as the result of any proceeding instituted by any landowner or occupant, in our judgment, it has acquired the right to construct and operate a railroad upon such line; exclusive in that respect as to all other railroad corporations and free from the interference of any party.   By its proceedings it has impressed upon the lands a lien in favor of its right to construct, which ripens into title through purchase or condemnation proceedings.   We could not hold otherwise without introducing confusion in the execution of such corpo-

rate projects and without violating the obvious intention of the legislature.

The plaintiff's franchises were invaded and its enjoyment of the statutory privileges disturbed by the action of the defendant company, in so building tracks upon plaintiff's line of route as to obstruct and interfere with its proposed construction. The remedy by injunction was clearly available to the plaintiff on principles of equity jurisprudence. (Story's Eq. Jur. § 927; *Osborn* v. *U. S. Bank*, 9 Wheat. 740; *Croton Turnpike Co.* v. *Ryder*, 1 Johns. Ch. 611; *T. & P. R. R. Co.* v. *W. & V. R. R. Co.*, 12 Phila. 642; *Contra Costa R. R. Co.* v. *Moss*, 23 Cal. 323; *Boston, etc., R. R. Co.* v. *Salem, etc., R. R. Co.*, 22 Cush. 27.)

The able opinion at General Term, delivered by BARKER, J., renders further consideration of the points in this case unnecessary.

The order of the General Term appealed from should be affirmed, with costs.

All concur.

Order affirmed.